IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

ANDRE GREEN                                                                                                    PETITIONER

v.                                                         NO. 1:07cr76-MPM-DAS

UNITED STATES OF AMERICA                                                        RESPONDENT

**MEMORANDUM OPINION AND ORDER**

Petitioner is a federal prisoner proceeding pro se on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government has submitted a response to the motion. Having reviewed the pleadings, the record, and relevant law, the Court finds that an evidentiary hearing is not necessary, and that the motion should be denied.

**Factual Background and Procedural History**

On April 27, 2007, Petitioner was indicted on federal drug charges committed on or about August 9, 2006, and a warrant issued for his arrest. (*See* doc. entry nos. 1 and 2). At the time Petitioner committed the federal offense for which he is imprisoned, he was on probation from a 1998 cocaine conviction out of the Circuit Court of Lee County, Mississippi. (*See* Presentence Investigation Report 9-10). On October 3, 2006, he was arrested on State drug and firearm charges, which led to the revocation of his probation for the 1998 cocaine charge. (*See id.* at 10). On September 6, 2007, Petitioner pled guilty to the State drug and firearm charges, and he received a sentence of twenty years in custody, with twelve years suspended. (*See id.*). On April 8, 2008, Petitioner was sentenced in this Court to a term of imprisonment of 120 months on Count II of the indictment against him, which charged him with aiding and abetting in the distribution of cocaine base in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1)(A). (*See, e.g.*, Judgment, doc. entry no. 82). This Court ordered Petitioner's federal sentence to run "concurrent to his sentence under any previous state or federal sentence." (*See* Gov't Response Ex B at 6; *see also* Judgment). Petitioner was taken into federal custody to begin serving his sentence on February 17, 2012. (*See* doc. entry no. 136).

Attached to Petitioner's motion is Bureau of Prisons time computation sheet, which shows that Petitioner received "jail credit" from October 3, 2006 through January 21, 2007, and that he has a projected release date of August 28, 2016. (*See, e.g.*, Mot. to Vacate).

**Legal Standard**

A federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on the basis that (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. A federal prisoner collaterally attacking his sentence "is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1996) (citation omitted). Relief under § 2255 is, therefore, "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citation and internal quotation marks omitted).

**Petitioner's Allegations**

Petitioner maintains that once he was charged in federal court, his probation was revoked and he was incarcerated on State charges from August 9, 2006 until February 17, 2012, when he was committed to the custody of the Bureau of Prisons. Petitioner argues that the Bureau of Prison's calculation of his time credit and release date is incorrect, as it fails to account for the period of time Petitioner was imprisoned on the State charges. Specifically, he argues that with an 85 percent good time credit, he should be released on June 9, 2014, instead of December 11, 2017, as calculated by the Bureau of Prisons. He requests that the Court enter a judgment *nunc pro tunc* crediting him with the time served.

# Discussion[1]

Essentially, Petitioner seeks credit toward his federal sentence dating from the time his federal offense was committed through the date he was committed to federal custody. However, a federal prisoner is entitled to credit for time spent in official detention prior to the date his federal sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, and that has not been credited against another sentence. 18 U.S.C. § 3585 (quotation marks omitted). The determination of what credit should be awarded under the statute is determined by the Attorney General, through the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 334 (1992); *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). Petitioner must exhaust his administrative remedies with the Bureau of Prisons before seeking federal review of his credits under § 3585. *See Wilson*, 503 U.S. 329 at 335-36; *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992). The Court does not have before it any indication that Petitioner has sought an administrative remedy with the Bureau of Prisons, and the Court will dismiss the motion without prejudice in order to allow Petitioner an opportunity to exhaust his available remedies.

## Certificate of Appealability

Petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying his § 2255 motion. *See* 28 U.S.C. § 2253(a), (c)(1). While Petitioner has not filed a notice of appeal in this action, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. The Supreme Court has held that when a

---

[1] The Court notes that because Petitioner's claim addresses the computation of his sentence, rather than the validity of the sentence itself, it is more properly addressed in a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985). Because The Court's conclusion is the same in either a § 2255 or a habeas action, the Court considers the motion as filed.

habeas petition is rejected solely on procedural grounds, a COA should not issue unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find it debatable whether the instant petition should be dismissed without prejudice, a COA will be denied.

## Conclusion

Based on the foregoing, Petitioner's motion to vacate, set aside, or correct his sentence pursuant to § 2255 (doc. entry no. 141) will be **DENIED** and this action **DISMISSED WITHOUT PREJUDICE**. A certificate of appealability will be **DENIED**. A separate judgment in accordance with this opinion and order will enter today.

**SO ORDERED** this the 3rd day of October, 2012.

> **/s/ Michael P. Mills**
> **CHIEF JUDGE**
> **UNITED STATES DISTRICT COURT**
> **NORTHERN DISTRICT OF MISSISSIPPI**